UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P617-C

ANTONIO LAVELLE MARTIN                                                                 PETITIONER

v.

COMMONWEALTH OF KENTUCKY                                                         RESPONDENT

MEMORANDUM OPINION

Unrepresented by counsel, the petitioner, Antonio Lavelle Martin, seeks a writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons set forth below, the court will dismiss the petition for failure to exhaust all available state-court remedies.

I.

The petitioner asserts that on October 15, 2008, he was found guilty of two counts of burglary in the third degree and one count of theft by unlawful taking over $300 following a jury trial.  He entered into a plea agreement on October 16, 2008.  The petitioner alleges that he entered into the plea agreement under duress, that he was "ill-advised by [his] inept defense attorney" to enter into the plea agreement, and that his attorney failed to raise constitutional defenses to his indictment.  The petitioner alleges various other constitutional violations in connection with his arrest and conviction under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Sections 2 and 11

of the Kentucky Constitution.

## II.

To warrant relief under § 2241, a petitioner is required to exhaust his state remedies prior to bringing such an action. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id.*; *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Id.* at 518-19. The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The petitioner fails to demonstrate that he has exhausted all available state-court remedies by raising the alleged constitutional violations prior to final sentencing or on appeal to the state appellate courts. Further, he claims that he entered into a plea agreement based on "inept" advice from his defense attorney and that his attorney failed to raise constitutional defenses to his indictment. "Under Kentucky law, claims of ineffective assistance of counsel are to be addressed initially to the trial court through an RCr. 11.42 motion." *Thacker v.*

*Rees*, 841 F.2d 1127 (6th Cir. 1988). Accordingly, there are still avenues of relief available to the petitioner in state court, which prohibit this court from entertaining the present petition.

To the extent that the petitioner has been sentenced and is now in custody pursuant to a judgment of a state court, to which 28 U.S.C. § 2254 applies, the outcome is the same. A federal court may not grant habeas corpus relief under § 2254 unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Martin v. Mitchell,* 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court.").

Based on the foregoing, the court finds that the petitioner's § 2241 petition must be dismissed for failure to exhaust available state-court remedies.[1]

### III.

Before the petitioner may appeal this court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without

---

[1]This is Martin's second § 2241 petition involving the same arrest and conviction. The first petition, filed on September 17, 2008, at Civil Action No. 3:08-CV-P498-H, was dismissed on March 25, 2009, for failure to exhaust state remedies.

addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

No jurists of reason could find debatable this court's procedural ruling. Thus, a certificate of appealability must be denied.

The court will enter an order consistent with this memorandum opinion. The clerk of court is DIRECTED to mail the petitioner a copy of the memorandum opinion and order.

Signed on April 13, 2009

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**

4